UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN EMANUEL HAMMOCK,

        Plaintiff,

v.

WAYNE COUNTY CIRCUIT
COURT, et al.,

        Defendants.

Case No. 2:22-cv-10214

HONORABLE STEPHEN J. MURPHY, III

/

## OMNIBUS OPINION AND ORDER

In 2007, Plaintiff Robin Emanuel Hammock was found guilty of second-degree murder and several other crimes. ECF 1, PgID 50. Plaintiff was sentenced to 35 to 70 years for the murder conviction, a concurrent 20 to 60 years for the assault conviction, and a consecutive term of 2 years for the felony-firearm conviction. *Id.*

Plaintiff recently filed the pro se complaint against two County Circuit Courts in Michigan and two Michigan judges for violating 42 U.S.C. § 1983. ECF 1. Plaintiff sought relief for "immediate release" from prison and $50 million. *Id.* at 38.

Plaintiff also moved for in forma pauperis status, ECF 8, for the Court to appoint counsel, ECF 3, and to supplement his complaint, ECF 7. The Court recently granted in forma pauperis status. ECF 9. The Court will also grant the motion to supplement the complaint because under Federal Rule of Civil Procedure 15(a)(1), Plaintiff may amend a pleading before a party has been served.

1

## LEGAL STANDARD

Because the Court granted Plaintiff's in forma pauperis application, the Court must review the complaint under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(2). The Court must dismiss the complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the [C]ourt may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

The Court may dismiss a complaint for failure to state a claim if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). And although the Court must liberally construe a pro se civil rights complaint, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court must not exempt a pro se litigant from the pleading requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## DISCUSSION

The Court will first dismiss the claims against Wayne County and Chippewa County Circuit Courts for failure to state a claim. "A state court is not a "person" for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute."

2

*See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (citations omitted). The Court will now explain why the remaining claims against Judges Walker and Lambrose fail to state a claim or are barred based on absolute immunity.

Plaintiff challenged the validity of post-judgment and collateral review state court orders issued by Judges Walker and Lambrose. ECF 7, PgID 69–75. The Court, however, lacks jurisdiction to review such claims under the *Rooker-Feldman* doctrine. *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). "The *Rooker–Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). It applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).

Here, the Court lacks jurisdiction because Plaintiff argued that the Court should overturn the state courts' orders given that they are procedurally and constitutionally unsound. ECF 7, PgID 69–75. As a result, the injury is based on the state court judgment itself and the Court lacks jurisdiction to review the challenges based on *Rooker-Feldman*. *Coles*, 448 F.3d at 858.

Next, Plaintiff appeared to assert a due process facial challenge to Michigan's collateral review procedures. *See* ECF 7, PgID 69–75. The Court will dismiss the challenge for failure to state a claim. A prisoner's due process rights arise only if a restriction or other conduct by state officials impedes a constitutionally protected liberty interest. *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005). But a prisoner has

3

neither a constitutional right to an appeal, *Abney v. United States*, 431 U.S. 651, 656 (1977), nor a right to postconviction collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) ("[I]t is clear that the State need not provide any appeal at all" and that this consideration applies "with even more force to postconviction review"). For that reason, Plaintiff has no federal due process rights arising from Michigan's collateral review procedures. *See Boles v. Jackson*, No. 14-14074, 2015 WL 3967559, at *2 (E.D. Mich. June 30, 2015) (Cleland, J.) (dismissing a prisoner's civil rights case challenging Michigan's state postconviction review proceedings).

If Plaintiff tried to challenge the validity of his state criminal conviction using collateral review, *see* ECF 1, PgID 38, the claim is also denied for failure to state a claim. A § 1983 claim is an appropriate remedy for a state prisoner challenging a *condition* of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the *validity* of continued confinement, *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Put another way, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Thus, "a state prisoner's § 1983 action is barred . . . no matter the relief sought" and "no matter the target of the prisoner's suit" if the action's success "would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The Court will therefore dismiss the challenges to his continued conviction.

Last, the Court must deny the monetary relief against Judges Walker and Lambrose. Judges are entitled to absolute judicial immunity on claims for damages against them in their personal capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per

curiam); *see also Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Mireles*, 502 U.S. at 11. Absolute judicial immunity may be overcome when a judge takes nonjudicial action or when a judge acts in complete absence of all jurisdiction. *Id.* at 12. But Plaintiff did not allege that either exception applies. Plus, the 1996 amendments to § 1983 extended absolute immunity for judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."). Because Plaintiff's challenge to his state criminal proceedings involves Judges Walker's and Lambrose's performances of their judicial duties, both judges are immune from suit.

What is more, the Eleventh Amendment bars monetary relief against Judges Walker and Lambrose in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)).

In sum, the Court will sua sponte dismiss the complaint under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(2). "[D]ismissal under § 1915(e) 'is not a dismissal on the merits, but rather an exercise of the [C]ourt's discretion under the in forma pauperis statute.'" *Davis v. Butler Cnty.*, 658 F. App'x 208, 212 (6th Cir. 2012) (italics removed) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Finally, the Court will deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* § 1915(a)(3).

5

**WHEREFORE**, it is hereby **ORDERED** that the motion to supplement [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to appoint counsel [3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** in forma pauperis status on appeal.

This is a final order that closes the case.

**SO ORDERED.**

                                                          s/ Stephen J. Murphy, III
                                                          STEPHEN J. MURPHY, III
                                                          United States District Judge

Dated: March 1, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2022, by electronic and/or ordinary mail.

                                                          s/ David P. Parker
                                                          Case Manager